**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Sherry Burgess, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.  1:25-cv-37 |
| | ) | |
| Credit Collection Services, a/k/a Credit | ) | |
| Control Services, Inc., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Sherry Burgess, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's

collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.　　This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28

U.S.C. § 1331.

2.　　Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.　　Plaintiff, Sherry Burgess ("Burgess"), is a citizen of the State of Indiana,

residing in the Southern District of Indiana, from whom Defendant attempted to collect a

defaulted consumer debt that she allegedly owed for Allstate Insurance.

4.　　Defendant, Credit Collection Services, a/k/a Credit Control Services, Inc.

("CCS"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a

1

of the FDCPA, because it regularly uses the U.S. Mail, and/or the telephone, and/or credit reporting, to collect, or attempt to collect, defaulted consumer debts. Defendant CCS operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5.      Defendant CCS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant CCS is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts extensive business in Indiana.

## FACTUAL ALLEGATIONS

7.      Due to financial difficulties, Plaintiff was unable to pay her debts, including a consumer debt (incurred for personal, family or household purposes) that she allegedly owed for Allstate Insurance. Sometime after this debt went into default, it was transferred to/obtained by the Defendant for collection.

8.      As is her right under the FDCPA, Ms. Burgess responded to Defendant's collection actions by calling CCS on September 13, 2024, at telephone number 617-762-3000, at which time she directed Defendant, through its representative, Spencer Erickson, to not contact her via any method, between 8 a.m. to 6 p.m., as that time period was inconvenient due to her work schedule.

9.      Undeterred, Defendant CCS called Ms. Burgess on September 18, 2024, at 9:38 a.m., i.e., during the 8 a.m. to 6 p.m. time period that she directed it to not contact her. A screenprint of this phone call is attached as Exhibit B.

10.     As a result of Defendant's failure to cease contacting Ms. Burgess

regarding the debt at a time that is convenient for Ms. Burgess, she had to take the time

and effort, as well as the expense, to inform her attorney of the phone call, and have her

attorney send Defendant a letter on November 8, 2024, to re-assert that she did not

want Defendant to contact her. A copy of this letter is attached as Exhibit C.

## ARTICLE III STANDING

11.    In enacting the FDCPA, Congress expressly set forth that the statute was

intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair
> debt collection practices by many debt collectors. Abusive debt collection
> practices contribute to the number of personal bankruptcies, to marital
> instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

12.    To achieve those ends, §1692c of the FDCPA limits the manner in which

debt collectors may communicate with consumers; specifically §1692c(a)(1) of the

FDCPA prohibits a debt collector from communicating with a consumer if the debt

collector knows that it is an inconvenient time for such contact.

13.    Defendant's continued direct collection actions invaded Plaintiff's right to

be left alone during her work hours, and intruded upon her seclusion; Defendant's

actions were a direct invasion of Ms. Burgess's legally-protected right to be left alone

and her right to privacy – rights granted to consumers under the common law and §

1692c of the FDCPA, see, Persinger v. Southwest Credit Systems, 20 F.4th 1184,

1191-93 (7th Cir. 2021); Lupia v. Medicredit, 8 F.4th 1184, 1191-92 (10th Cir. 2021);

and Gadelhak v. AT&T Services, 950 F.3d 458, 461-62 (7th Cir. 2020).

14.    Defendant's collection actions alarmed, confused, and emotionally

distressed Ms. Burgess (causing loss of sleep, headaches, etc.), invaded her privacy,

intruded upon her seclusion, and cost her time and effort, as well as expense, to try and stop Defendant's improper collection actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, 60 F.4th 642, 649 (11th Cir. 2023).

15.    Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**Violation of § 1692c(a)(1) Of The FDCPA --**
**Communicating With a Consumer At An Unusual Time Or Place**
**Known To Be Inconvenient To The Consumer**

16.    Section 1692c of the FDCPA prohibits a debt collector from communicating with a consumer at any unusual time or place, or a time or place known, or which should be known to be inconvenient to the consumer, see, 15 U.S.C. § 1692c(a)(1).

17.    Here, Defendant knew that Ms. Burgess did not want to be contacted -- via any method of contact -- about the debt between 8 a.m. and 6 p.m., because the conversation that Ms. Burgess had with Defendant, through its representative, explicitly told it so. By directly calling Ms. Burgess, within that inconvenient time frame (Exhibit B), Defendant violated § 1692c of the FDCPA.

18.    Defendant's violation of § 1692c(a)(1) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Sherry Burgess, prays that this Court:

1.    Find that Defendant's collection practices violate the FDCPA;

2.      Enter judgment in favor of Plaintiff Burgess and against Defendant, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Sherry Burgess, demands trial by jury.

Sherry Burgess,

By: s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: January 7, 2025

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street, Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com